UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YVES L. LAMOTHE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-01608-JMS-DLP |
| FEDERAL EXPRESS CORPORATION, | ) ) ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is a Bill of Costs, [Filing No. 69], filed by Defendant Federal Express Corporation ("FedEx"), to which Plaintiff Yves Lamothe objects, [Filing No. 70]. FedEx requests costs in the amount of $2,756.42, and Mr. Lamothe objects to FedEx's request for $975.00 in videography and video service costs. For the reasons set forth herein, the Court **GRANTS** in part and **DENIES** in part FedEx's request.

**I.**
**LEGAL STANDARD**

The costs that are recoverable by a prevailing party in a civil lawsuit are set forth in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Under Federal Rule of Civil Procedure 54(d), the Court has discretion to tax the costs enumerated in § 1920 against the losing party in an action. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted). Moreover, "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017). "The process for awarding court costs is intended to be summary." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). The district court should not resolve arguments regarding the winning party's strategy in litigating the case, *id.*, but nonetheless must discern whether the claimed costs were "reasonable and necessary," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

## II.
### BACKGROUND

On November 28, 2018, FedEx filed a Bill of Costs in which it requested $200.00 in fees of the clerk, $2,519.53 in fees for printed or electronically recorded transcripts, and $36.89 in fees for making copies, for a total of $2,756.42. [Filing No. 69.] FedEx attached to its Bill of Costs an affidavit from counsel Brandie N. Smith in which Ms. Smith certified that all of the claimed fees were actually incurred by FedEx and that the related services were "actually and necessarily performed." [Filing No. 69-1 at 1.] Attached to Ms. Smith's affidavit were two receipts from Esquire Deposition Services billed to FedEx, which contained the following itemized breakdown of the amounts FedEx is requesting related to Mr. Lamothe's deposition:

| Description | Deponent | Qty | Unit Rate | Amount |
|---|---|---|---|---|
| TRANSCRIPT - O&1-VID-WI | Yves Lamothe | 207 | 4.95 | 1,024.65 |
| APP FEE: FIRST HOUR | Yves Lamothe | 1 | 65.00 | 65.00 |
| APP FEE: ADDITIONAL HOURS | Yves Lamothe | 5 | 65.00 | 325.00 |
| EXHIBITS B&W | Yves Lamothe | 75 | 0.50 | 37.50 |
| EXHIBITS COLOR | Yves Lamothe | 5 | 1.95 | 9.75 |
| CONDENSED TRANSCRIPT | Yves Lamothe | 1 | 30.00 | 30.00 |
| WITNESS READ & SIGN LETTER | Yves Lamothe | 1 | 0.00 | 0.00 |
| HANDLING FEE | Yves Lamothe | 1 | 35.00 | 35.00 |

[Filing No. 69-1 at 4],

| Description | Deponent | Qty | Unit Rate | Amount |
|---|---|---|---|---|
| VIDEOGRAPHER MINIMUM | Yves Lamothe | 1 | 395.00 | 395.00 |
| VIDEOGRAPHER ADDITIONAL HOURS | Yves Lamothe | 4 | 145.00 | 580.00 |

[Filing No. 69-1 at 5].

## III.
### DISCUSSION

Mr. Lamothe objects to FedEx's request for $975.00 in videography and video service costs, arguing that such costs "were not necessarily incurred or reasonable." [Filing No. 70 at 2.] He argues that although "both video and printed transcripts of depositions are recoverable pursuant to 28 U.S.C. § 1920," in this case "there was not a necessity for [FedEx] to have the deposition in video format." [Filing No. 70 at 2.] Citing *Halasa v. ITT Educ. Servs., Inc.*, 2012 WL 639520 (S.D. Ind. Feb. 27, 2012), Mr. Lamothe argues that video of the depositions was not necessarily incurred or reasonable because "there was no risk" of Mr. Lamothe "being unavailable for the trial of this matter and a written copy of [his] deposition transcript would be sufficient for [FedEx's] use at trial." [Filing No. 70 at 3.] As such, Mr. Lamothe requests that the Court reduce FedEx's Bill of Costs by $975.00. [Filing No. 70 at 3.]

In its reply brief, FedEx states that Mr. Lamothe "does not provide any specifics as to this challenge and why it is inappropriate." [Filing No. 71 at 2.] In addition, FedEx argues that it is "axiomatic that a videographer had to record the video deposition just as a court report[er] is required to stenographically record a deposition." [Filing No. 71 at 2.] FedEx contends that it noticed Mr. Lamothe's deposition "as both video and stenographic deposition with no objection"

3

and that it wanted "to visually capture" Mr. Lamothe's "demeanor and emotions for the jury." [Filing No. 71 at 2-3.]

The Court rejects FedEx's assertion that the recording of a video deposition was reasonable and necessary. FedEx made no contention that Mr. Lamothe would be unavailable to testify at trial, but instead merely wanted to capture Mr. Lamothe's demeanor and emotions during the deposition. As was the case in *Halasa*, while there may have been "a strategic reason for defense counsel to want the video, [that] does not make the video 'reasonably necessary'" to FedEx's case. 2012 WL 639520, at *3. Therefore, the Court, in its discretion, disallows FedEx's request for $975 in videography and video service costs.

As to the remainder of costs claimed by FedEx, Mr. Lamothe filed no objection thereto, and the Court finds that FedEx has met its burden of showing that such costs are reasonable and necessary. As such, the Court finds that FedEx is entitled to $1,781.42 in costs.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** FedEx's Bill of Costs. [69] The Court awards FedEx **$1,781.42** in costs.

Date: 1/9/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**

4